UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CROSSAN D. HOOVER,

    Petitioner,

    v.

C. KOENIG,

    Respondent.

Case No. 19-cv-08352-RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner seeks federal habeas corpus relief under 28 U.S.C. § 2254 from the Governor's decision to deny parole after the Board of Parole Hearings had found him suitable for release. Because petitioner's habeas claims are foreclosed by Supreme Court precedent, the petition is DISMISSED.

## BACKGROUND

Petitioner was convicted in 1984 in a California state court of murder and sentenced to 26 years to life. (Pet., Dkt. No. 1 at 2.) In 2018 the California Board of Parole Hearings found him suitable for parole, but in 2019 the Governor reversed the decision. (*Id.* at 12, 23, 131, and 177.) It appears petitioner exhausted his state court remedies before filing the instant federal petition.

**STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only claiming he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**DISCUSSION**

Petitioner's habeas claims are foreclosed by the Supreme Court's decision in *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) ("the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts," and not a matter for federal habeas courts). In light of *Cooke*, the Ninth Circuit has held that "there is no substantive due process right created by California's parole scheme." *Roberts v. Hartley*, 640 F.3d 1042, 1046 (9th Cir. 2011).

In the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" why parole was denied. *Cooke*, 131 S. Ct. at 862. "The Constitution does not require more." *Id.* (quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979)). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Id.* The *Cooke* rule is the same whether the Board or the Governor denied parole. *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) (noting that one of the inmates in *Cooke* had been found unsuitable for parole by the Governor rather than the Board).

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
CASE NO. 19-cv-08352-RS

2

1    In the instant matter, the record shows that petitioner received the required amount

2  of process.  He had a hearing; was afforded an opportunity to be heard; and was provided a

3  statement of reasons parole was denied.  Because petitioner received constitutionally

4  adequate process, no federal habeas claim lies, and the petition is DISMISSED.

5                                        **CONCLUSION**

6    The petition is DISMISSED.  A certificate of appealability will not issue.  Petitioner

7  has not shown "that jurists of reason would find it debatable whether the petition states a

8  valid claim of the denial of a constitutional right and that jurists of reason would find it

9  debatable whether the district court was correct in its procedural ruling."  *Slack v.*

10  *McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability

11  from the Court of Appeals.  The Clerk shall enter judgment in favor of respondent, and

12  close the file.

13    **IT IS SO ORDERED.**

14  **Dated:**  January  24 , 2020

15                                                                        _____

16                                                                        RICHARD SEEBORG
                                                                        United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
CASE NO. 19-cv-08352-RS

3